UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD FORNESS,
        Plaintiff,

vs.                                                    Case No.:  3:22cv1528/MCR/ZCB

WASTE PRO OF FLORIDA, INC.,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

The parties settled this Fair Labor Standards Act (FLSA) case for $1,985. (Docs. 20, 21, 24 at 6).  The parties were unable, however, to agree on the appropriate amount of attorneys' fees.  Plaintiff has now filed a "Motion to Determine Fee Amount," which requests $12,062.50 in attorneys' fees.  (Doc. 22). Defendant has responded in opposition, arguing Plaintiff is only entitled to $1,950.00 in attorneys' fees.  (Doc. 24).  For the reasons below, Plaintiff's motion should be granted in part and denied in part, and Plaintiff awarded $2,120 in attorneys' fees.

### I.    Discussion

Plaintiff Forness was an opt-in plaintiff in a previous FLSA class action, *Wright v. Waste Pro USA, Inc., et al.*, No. 0:19-cv-62051 (S.D. Fla. Aug. 15, 2019). Following decertification of the class in *Wright*, Plaintiff filed the present individual action in this Court seeking an award of unpaid overtime compensation. The case

1

quickly settled with minimal activity on the docket. Plaintiff now seeks attorneys' fees for the work performed by four attorneys and a paralegal. In the motion, Plaintiff requests $8,000 for "the proportionate share" of fees incurred in the *Wright* decertified class action and $4,062.50 for fees incurred in this individual action. (Doc. 22 at 34). Defendant disputes that Plaintiff is entitled to any attorneys' fees for work on the *Wright* matter, and it argues the amount of fees sought in this individual action is unreasonable. (Doc. 24). Both arguments are addressed below.

### A. Plaintiff is not entitled to a proportionate share of fees incurred in the *Wright* matter.

Plaintiff argues that counsel should be compensated $8,000 for "the proportionate share" of fees incurred in the *Wright* decertified class action case. Plaintiff calculated this number by taking the total lodestar amount of attorneys' fees in *Wright* ($762,165.00) and dividing it by the 96 active claims by decertified class members. (Doc. 22 at 16). In support of his request, Plaintiff cites non-binding cases from the Sixth Circuit and various district courts. (*Id.* at 8-9). These cases establish that a plaintiff *may* recover attorney fees for counsel's work done in a previous, decertified FLSA action. But none of these cases mandate the award of fees. The Sixth Circuit's ruling in *O'Brien v. Ed Donnelly Enters., Inc*., requires a "specific showing of benefit" to the individual action to collect fees for work done in a decertified collective. 575 F.3d 567, 577 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). It does not permit

reimbursement of fees simply because the decertified action turned on the same "common core of facts" as those in the individual action. *Id.* at 566-67.

Here, Plaintiff has failed to make a "specific showing" of how counsel's work in *Wright* directly benefited his individual action. Plaintiff seeks to recoup fees for counsels' work on generalized discovery and standard motions in *Wright*. (Doc. 22 at 10-11). He states that counsels' work on the complaint, obtaining and defending certification, administration of the class, document discovery, depositions, dispositive motions, and damage calculations, among other tasks, "directly benefited" his individual action. (*Id.*). But there is no description as to how these general tasks (which are commonplace in FLSA actions) directly benefited Plaintiff's individual case. Plaintiff—unlike other opt-in plaintiffs—was never deposed in *Wright*. (Doc. 24 at 3-4). And while Plaintiff argues the issues in his individual action overlap with some of the issues in *Wright*, he fails to specify what work relates to those overlapping issues. Certainly, work done on issues that do not relate to the issues Plaintiff raised in his individual action did not "directly benefit" him.

Rather than parse out the time and work that directly related to Plaintiff's individual action, Plaintiff groups together every minute of attorney work in the *Wright* action. He then divides that number by 96, for the active claims pending against Waste Pro. A simple division of the lodestar amount by the number of active

individual claims fails to rise to the level of specificity required in *O'Brien*. Plaintiff's counsel has attempted to obtain fees using this same approach in other individual FLSA cases filed against Waste Pro.  And each attempt has been rejected. In one such matter, Chief Judge Walker explained that "[t]his divisor bears no relation to the share of the *Wright* work that directly benefitted [plaintiff's] individual claim." *Hightower v. Waste Pro of Fla., Inc.*, No. 4:22cv76 (N.D. Fla. Sept. 23, 2022) (Doc. 39 at 4).  In another similar matter, Judge Winsor pointed out that, even if the Court "agreed with [Plaintiff] that all the *Wright* fees should be allocated among those involved in the case, it is not clear why the denominator would be [only] those who filed individual claims rather than all of [the 650 opt-ins] who were plaintiffs." *Shaw v. Waste Pro of Florida, Inc.*, No. 4:22cv55 (N.D. Fla. Nov. 18, 2022) (Doc. 31 at 2 n.1).  And Judge Wetherell said the same thing in another case. *Henderson v. Waste Pro of Florida, Inc.*, 5:22cv39 (N.D. Fla. Sept. 26, 2022) (Doc. 34 at 2 n. 1).  Because Plaintiff has failed to explain how the work done in *Wright* "directly benefit[ed] his current case," Plaintiff's counsel should not be awarded a proportional share of the *Wright* fees. *Hightower*, No. 4:22cv76 (Doc. 39 at 4). [1]

---

[1] This conclusion is consistent with other courts across Florida that have addressed the issue.  Plaintiff's counsel settled numerous individual actions against Waste Pro after the *Wright* class was decertified.  The plaintiffs in these actions similarly sought attorneys' fees for the work done in *Wright*.  It does not appear as though any judge has awarded such fees. *See Hightower*, No. 4:22cv76/MW/MAF (Doc. 39 at 2-6)

**B. Plaintiff is entitled to reasonable attorneys' fees for work done in this individual action.**

The Court now turns to Plaintiff's request for attorneys' fees in this individual action. Plaintiff claims counsel should be reimbursed $4,062.50 for 7.80 hours of work. Defendant does not dispute any of the specific time entries, but it does dispute the hourly rates submitted by Plaintiff's counsel.

An appropriate award of attorneys' fees is calculated by first determining the

---

(declining to award fees for work done in *Wright* because the plaintiff "failed to make the requisite showing of a specific benefit to his case"); *Henderson*, No. 5:22cv39/TKW/MJF (N.D. Fla. Sept. 26, 2022) (Doc. 34 at 2-3) ("[T]he Court is simply not persuaded that any of the work done in the decertified collective actions directly benefitted Plaintiff in this case."); *Jackson v. Waste Pro of Fla., Inc.*, No. 0:22-60330-RAR (S.D. Fla. Sept. 13, 2022) (Doc. 46 at 11-14) ("Plaintiff's proposal, however, fails to specifically show how specific tasks in *Wright* specifically benefitted Plaintiff in this case."), *report and recommendation adopted* (Doc. 48) (Sept. 30, 2022); *Campbell v. Waste Pro of Fla., Inc.*, No. 5:22cv32/TKW/MJF (N.D. Fla. Oct. 4, 2022) (Doc. 32) (adopting the reasoning in *Henderson*); *Bell v. Waste Pro of Fla., Inc.*, No. 5:22cv38/TKW/MJF (N.D. Fla. Oct. 4, 2022) (Doc. 25) (same); *Dean v. Waste Pro of Fla., Inc.*, No. 2:22cv14044/AMC (S.D. Fla. Oct. 19, 2022) (Doc. 54 at 5-7) (recommending denial of fees because "Plaintiff has not made a specific showing as to how the fees incurred in the *Wright* case benefited his new, separately filed case"), *report and recommendation adopted* (Doc. 55) (Nov. 8, 2022); *Dean v. Waste Pro of Fla., Inc.*, No. 2:22cv14069/AMC (S.D. Fla. Oct. 19, 2022) (Doc. 39 at 5-7) (same), *report and recommendation adopted* (Doc. 40) (Nov. 8, 2022); *Harris v. Waste Pro of Fla., Inc.*, No. 2:22cv14045 (S.D. Fla. Oct. 19, 2022) (Doc. 39 at 5-7) (same), *report and recommendation adopted* (Doc. 40) (S.D. Fla. Nov. 8, 2022); *Harris v. Waste Pro of Fla., Inc.*, No. 2:22cv14045 (S.D. Fla. Oct. 19, 2022) (Doc. 35 at 5-7) (same), *report and recommendation adopted* (Doc. 36) (Nov. 8, 2022); *Shaw v. Waste Pro of Fla., Inc.*, No. 4:22cv55/AW/MAF (N.D. Fla. Nov. 18, 2022) (Doc. 31 at 1-3) ("Here, all [the plaintiff] has shown is a series of general motions and generalized discovery for the earlier action—not any specific showing that the case benefitted him.").

"lodestar." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (cleaned up).

Plaintiff submits rates for five different timekeepers: (1) C. Ryan Morgan, the lead attorney on the case and a partner seeking $650 per hour; (2) Paul Botros, a senior attorney seeking $650 per hour; (3) Jolie Pavlos, an associate attorney seeking $425 per hour; (4) Pausha Taghdiri, an associate attorney seeking $400 per hour; and (5) Vanessa Fish, a paralegal seeking $225 per hour. (Doc. 22-2 at 9-15).

Plaintiff attaches affidavits from Mr. Morgan, James Garrity, and Anthony Hall to support the requested hourly rates. (Docs. 22-1, 22-2, 22-8). But the Court does not find these affidavits persuasive regarding the reasonableness of the hourly rates. For one, Mr. Morgan and Mr. Hall's affidavits reference hourly rates in other districts. Mr. Morgan states that he was approved for $750 per hour for a matter four years ago in California. (Doc. 22-2 ¶ 14). Mr. Hall compares the requested

rates to those "in the Orlando area."  (Doc. 22-8 ¶¶ 8, 9).  They do not, however, reference the prevailing market rates for Pensacola, Florida.  Mr. Garrity, on the other hand, claims to "have personal knowledge of reasonable fee rates in this District and Division."  (Doc. 22-1 ¶ 3).  Mr. Garrity cites to one Northern District of Florida FLSA case wherein he received $550 an hour.  (*Id.* ¶ 14).  But even that case did not authorize an hourly rate as high as that sought for the senior attorneys on this matter.  And, an award of $550 per hour appears to be an outlier for an FLSA case in this District. *Shaw*, No. 4:22cv55 (Doc. 31 at 5).  Moreover, similar affidavits submitted by Mr. Garrity in other cases in this District have been deemed unpersuasive. *See id.* (finding Mr. Garrity's affidavit unpersuasive); *Henderson*, No. 5:22cv39 (Doc. 34 at 3 n.3) (giving "no weight" to Mr. Garrity's affidavit).

It is the Court's belief that, as Judge Wetherell found in a Waste Pro FLSA case pending in the Panama City Division, a reasonable hourly rate for this type of case in the Pensacola Division is $350 for partners, $200 for associates, and $100 for paralegals. *Henderson*, No. 5:22cv39 (Doc. 34 at 3); *see also Campbell*, No. 5:22cv32 (Doc. 32 at 2 n.1) (same); *Bell*, No. 5:22cv38 (Doc. 25 at 2 n.1) (same); *Shaw,* No. 4:22cv55 (Doc. 31 at 4-5) (Winsor, J.) (finding the reasonable rates in Tallahassee Division case to be $350 for partners, $200 for associates, and $110 for paralegals).

Defendant urges the Court to reduce the hourly rate for Mr. Taghdiri to the

"prevailing paralegal rate" of $100 per hour because he is not admitted to practice in this District. (Doc. 24 at 14). Although the Court has the discretion to reduce rates or decline to award fees for attorneys not admitted to practice in this District, the Court does not believe that is warranted here.[2] *See Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020). The Local Rules for the Northern District of Florida prohibit a non-admitted attorney from filing a document or appearing at a trial or hearing, but they do not prohibit a non-admitted attorney from working on a case. *See* N.D. Fla. Loc. R. 11.1(D) ("An attorney must not file a document or appear at a trial or hearing unless the attorney is a member of the District's bar or has been granted leave to appear in the case pro hac vice."); *see also Hightower*, No. 4:22cv76 (Doc. 39 at 10). Additionally, as a licensed attorney Mr. Taghdiri has a skillset and knowledge base that exceeds that of a paralegal. Accordingly, the Court refuses to reduce Mr. Taghdiri's rate to the paralegal rate of $100 an hour.

Using these reasonable hourly rates and the number of hours submitted by Plaintiff's counsel, the lodestar calculation is as follows:

---

[2] There is a split in this District on whether to reduce Mr. Taghdiri's hourly rates. Judge Wetherell reduced Mr. Taghdiri's rate to $100 in the three Waste Pro cases before him. *Henderson*, No. 5:22cv39 (Doc. 34 at 3 n. 4); *Bell*, No. 5:22cv38 (Doc. 25 at 2 n.2); *Campbell*, No. 5:22cv32 (Doc. 32 at 2 n.1). Judge Winsor, however, refused to reduce Mr. Taghdiri's rate in *Shaw*, No. 4:22cv55 (Doc. 31 at 6 n.3), and instead found $200 per hour to be a reasonable rate. Chief Judge Walker also refused to reduce Mr. Taghdiri's rate. *Hightower*, No. 4:22cv76 (Doc. 39 at 10).

| Name | Hours | Rate | TOTAL |
|---|---|---|---|
| C. Ryan Morgan | 2.9 | $350 | $1,015 |
| Paul Botros | 1.5 | $350 | $525 |
| Jolie Pavlos | 0.7 | $200 | $140 |
| Pausha Taghdiri | 1.7 | $200 | $340 |
| Vanessa Fish | 1 | $100 | $100 |
| | | | **$2,120** |

The lodestar calculation does not end the analysis. Parties can sometimes show that an upward or downward variance from the lodestar is warranted. *In re Home Depot Inc.*, 931 F.3d at 1090. "In determining whether the lodestar is reasonable, the [district] court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*[.]" *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (cleaned up). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008). There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (cleaned up). Indeed, "the *Johnson* factors are largely redundant to the lodestar analysis because they are almost always

9

subsumed in the lodestar." *In re Home Depot Inc.*, 931 F.3d at 1091. Thus, they "are relevant only in the rare cases where they are not fully captured in the lodestar." *Id.*

This Court finds no reason to vary from the lodestar. This is not a rare case where the *Johnson* factors are not "fully captured in the lodestar." *Id.* And no judge in this District has found reason to vary from the lodestar calculation in other Waste Pro FLSA cases. *Hightower*, No. 4:22cv76/MW/MAF (Doc. 39 at 14); *Shaw*, No. 4:22cv55/AW/MAF (Doc. 31 at 5-6); *Henderson*, No. 5:22cv39/TKW/MJF (Doc. 34 at 5).

## II.    Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1.    Plaintiff's "Motion to Determine Fee Amount," (Doc. 22), be **GRANTED IN PART** and **DENIED IN PART**.

2.    Plaintiff be awarded $2,120.00 in attorneys' fees.

At Pensacola, Florida, this 26th day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any</u>**

<u>**different deadline that may appear on the electronic docket is for the court's**</u> <u>**internal use only and does not control.**</u>  **An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**